# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GEORGE N. MOFOR,
*Plaintiff-Appellant,*

v.

KUEHNE & NAGEL, INCORPORATED,
*Defendant & Third Party Plaintiff-Appellee,*

and

GATEWAY CARGO SERVICE CENTER, L.P.,
*Third Party Defendant-Appellee,*

and

SWISSAIR TRANSPORT COMPANY; GATE FREIGHT SERVICES; BRIAN DRUMOND,
*Third Party Defendants.*

No. 02-1175

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Walter E. Black, Jr., Senior District Judge.
(CA-00-2606-B)

Submitted: January 31, 2003

Decided: February 14, 2003

Before WILKINSON, Chief Judge, and WILKINS and
TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Oscar L. Amorow, AMOROW & KUM, P.A., Takoma Park, Maryland, for Appellant. J. Stephen Simms, Stephen S. McCloskey, SIMMS SHOWERS, L.L.P., Baltimore, Maryland; Giancarlo M. Ghiardi, Mary-Lee Miller, DECARO, DORAN, SICILIANO, GALLAGHER & DEBLASIS, L.L.P., Lanham, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

George N. Mofor appeals from district court orders denying his motion to reopen the discovery period and granting summary judgment to Defendants Kuehne & Nagel, Inc. (Kuehne & Nagel) and Gateway Cargo Service Center, L.P. (Gateway). Finding no error, we affirm.

A trial court necessarily has wide discretion in managing pre-trial discovery, and an appellate court should not disturb its orders absent a clear abuse of discretion. *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986). Reversal of a judgment because of an improper order denying or curtailing discovery is unusual. *Goodrich v. Betkoski*, 99 F.3d 505, 523 (2d Cir. 1996). Rule 56(f) allows a party who has no specific material contradicting his adversary's presentation of summary judgment to survive a summary judgment motion if he presents valid reasons justifying the failure of proof. We agree with the district court that Mofor did not present any valid reason excusing his failure to conduct timely discovery. We therefore affirm on the reasoning of the district court's oral opinion and order. *See Mofor v. Kuehne & Nagel, Inc.*, No. CA-00-2606-B (D. Md. Dec. 7, 2001; filed Dec. 10, 2001 and entered Dec. 11, 2001).

Mofor challenges the district court's ruling that all claims against Gateway should have been brought under the Warsaw Convention-the commonly used name for the Convention for the Unification of Certain Rules Relating to International Transportation by Air. Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 40105 (2000). The Warsaw Convention provides the rules of liability for "all international transportation of persons, baggage, or goods performed by aircraft for hire." *Id.* art. I. Mofor argues that the Article 25 willful misconduct exception to the liability limitation excludes his claims from the Warsaw Convention. We disagree. Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air, reprinted in S. Exec. R. No. 105-20, at 21-32 (1998), amended the Warsaw Convention and removed cargo from the willful misconduct exception. *Id.* at S. Exec. R. No. 105-20, at 29; *see also Bayer Corp. v. British Airways, PLC*, 210 F.3d 236, 238 n.1 (4th Cir. 2000).

Mofor also contests the district court's ruling that there was insufficient evidence of conspiracy, breach of contract, and conversion to prevail against Kuehne & Nagel. We affirm the summary judgment order on the reasoning of the district court. *See Mofor v. Kuehne & Nagel, Inc.*, No. CA-00-2606-B (D. Md. Jan. 11, 2002).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*